UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | No. 1:24-cv-01335-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>Doc. 11 |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action on October 31, 2024. Doc. 1. On March 7, 2025, the Court screened plaintiff's complaint, and found that plaintiff stated the following cognizable claims: (1) excessive force against defendants Lee, Rios, Perez, and Reyes; (2) failure to intervene claim against defendants Rios, Perez, and Reyes; (3) state law claims of assault, battery, negligence, intentional infliction of emotional distress, and violation of the Bane Act against defendants Lee, Rios, Perez, and Reyes; (4) retaliation against defendant Lee for removing him from the Veteran's group because he filed an inmate grievance; (5) retaliation against defendants Lee and Perez for issuing a false rules violation report for filing an inmate grievance; and (6) retaliation

1

1  against defendants Perez, Lee, and Harter for removal from the Bravo yard for filing an inmate
2  grievance. Doc. 8. Plaintiff was ordered to file a first amended complaint or notify the court of
3  his willingness to proceed only on the cognizable claims identified in the screening order. *Id.* at
4  22. In response to the court's order, plaintiff timely filed a notice indicating he wanted to proceed
5  only on claims found to be cognizable. Doc. 9.

6  On April 10, 2025, the assigned magistrate issued findings and recommendations,
7  recommending that the case proceed only on the claims found to be cognizable. Doc. 11. The
8  findings and recommendations were served on plaintiff and notified him that any objections were
9  to be filed within fourteen (14) days after service. *Id.* at 2. Plaintiff was advised that the failure
10 to file objections within the specified time may result in the waiver of rights on appeal. *Id.*, citing
11 *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). Plaintiff did not file any objections,
12 and the deadline to do so has passed.

13 In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of
14 this case. Having carefully reviewed the matter, the Court finds the findings and
15 recommendations to be supported by the record and proper analysis.

16 Accordingly:

17 1. The findings and recommendations issued on April 10, 2025 (Doc. 11), are
18    ADOPTED IN FULL;
19 2. This case shall PROCEED on the following claims: (1) excessive force against
20    defendants Lee, Rios, Perez, and Reyes; (2) failure to intervene claim against
21    defendants Rios, Perez, and Reyes; (3) state law claims of assault, battery, negligence,
22    intentional infliction of emotional distress, and violation of the Bane Act against
23    defendants Lee, Rios, Perez, and Reyes; (4) retaliation against defendant Lee for
24    removing him from the Veteran's group because he filed an inmate grievance;
25    (5) retaliation against defendants Lee and Perez for issuing a false rules violation
26    report for filing an inmate grievance; and (6) retaliation against defendants Perez, Lee,
27    and Harter for removal from the Bravo yard for filing an inmate grievance;

28

3. All other claims and defendants are dismissed for failure to state a claim upon which relief may be granted; and

4. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: June 1, 2025

UNITED STATES DISTRICT JUDGE

3